1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Associated Indemnity Corporation, a corporation, | ) ) ) | No. CV09-0038 PHX DGC |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| Hartford Casualty Insurance Company, a corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

Plaintiff Associated Indemnity Corporation has filed a motion for summary judgment. Dkt. #33. Defendant Hartford Casualty Insurance Company has filed a cross-motion for summary judgment. Dkt. #36. Both motions are fully briefed.[1] For the reasons that follow, the Court will grant Associated's motion for summary judgment and will deny Hartford's motion.[2]

**I.    Background.**

On May 24, 2005, 16-year-old Omar Muniz and several of his friends allegedly

---

[1] Associated filed a motion to strike Hartford's reply (Dkt. #41) on the ground that it is an unauthorized sur-reply. Dkt. #43. The Court denied the motion (Dkt. #44), but stated that it would determine what weight to give Hartford's reply when considering the pending summary judgment motions.

[2] The requests for oral argument are denied. The parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

purchased alcoholic beverages at the Full Mini Market. Dkt. #37-1, ¶ 12. After allegedly consuming those beverages, Muniz lost control of his truck and collided with a tree and a wall. Muniz's passengers, Maricruz Medina and Ivan Barrera, both died of injuries from the crash. *Id.*, ¶¶ 11, 14. Medina's father and Barrera's parents brought suit against Full Mini Market, alleging negligence and seeking damages for the loss of their children ("the *Serrano* suit"). *Id.* at ¶¶ 2-3, 23.

At the time of Muniz's accident, both Associated and Hartford insured Full Mini Market. Dkt. #34-3 at 3; #34-2 at 4.[3] Associated paid the costs of defending against the *Serrano* suit and each insurer paid one-half the settlement. Dkt. #34, ¶¶ 18, 21; #37, ¶¶ 18, 21. Associated contends that Hartford must now indemnify it for the costs of defense and settlement because Associated's policy is an "excess" policy – meaning that it is only obligated to pay if Hartford's policy does not completely cover Full Mini Market's liabilities. Dkt. #1. Hartford agrees that Associated's policy is an excess policy, but disagrees that it must indemnify Associated because, given the nature of Full Mini Market's liability in the *Serrano* suit, the Hartford policy is also an excess policy. Dkt. #36 at 7-8.

## II. Legal Standard.

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. Associated Motion.

Associated moves for summary judgment on the following issues: (1) whether the

---

[3] Citations to pages in the parties' filings will be to the page numbers applied by the Court's electronic docket at the top of each page, not to the numbers at the bottom of each page of a document.

1 Associated policy is excess to the Hartford policy for losses from the *Serrano* suit; (2) whether Associated is entitled to reimbursement from Hartford for all costs it incurred to defend and settle the *Serrano* suit; and (3) whether Associated is entitled to recover prejudgment interest on its settlement payments.[4]

**A.     The Associated policy is excess to the Hartford policy.**

There is no dispute that the Associated policy is excess to the Hartford policy. Dkt. #36 at 7, 17. The question is whether the Hartford policy is also excess to the Associated policy. If both policies provide excess coverage, each insurer must pay a pro rata share – in this case 50% – of the liability from the *Serrano* suit. *Fremont Indem. Co. v. New England Reinsurance Co.*, 815 P.2d 403, 405 (Ariz. 1991) (holding that if two policies covering the same risk contain conflicting insurance clauses, those clauses will be disregarded and each carrier will be responsible for a pro rata share).

Insurance policy interpretation is a question of law. *Odom v. Farmers Ins. Co. of Ariz.*, 169 P.3d 120, 122 (Ariz. App. 2007). The Court must use ordinary principles of contract interpretation in evaluating the Hartford policy. "Where the provisions of the contract are plain and unambiguous upon their face, they must be applied as written, and the court will not pervert or do violence to the plain and ordinary meaning . . . ." *Dairyland Mut. Ins. Co. v. Andersen*, 433 P.2d 963, 965 (Ariz. 1967).

The Hartford policy contains three insurance "forms" that are at issue – the business liability coverage form ("business form") (Dkt. #34-3 at 45-60; #34-4 at 1-4), the common policy conditions form ("common form") (Dkt. #34-3 at 14-19), and the liquor liability insurance form ("liquor form") (Dkt. #34-4 at 9-12). The business form contains the following provisions:

> B. EXCLUSIONS . . . This insurance does not apply to: . . 'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft . . . ("exclusion g")

---

[4] Associated requests summary judgment only on whether it is entitled to prejudgment interest on the settlement payments, not on the fees and costs incurred in defending the *Serrano* suit.

- 3 -

> E. LIABILITY AND MEDICAL EXPENSES GENERAL CONDITIONS . . . This insurance is excess over: (1) Any other insurance . . . (d) If the loss arises out of the maintenance or use of aircraft, 'autos' or watercraft to the extent not subject to Exclusion g . . . ("excess provision")

Dkt. #34-3 at 50, 58-59 (capitalization in original). These provisions make clear that the business form does not cover losses arising from the ownership, maintenance, use, or entrustment of any auto, and, to the extent the exclusion does not apply to any loss arising out of the maintenance or use of autos (i.e., to the extent any such loss may be covered by the policy), Hartford's coverage is excess only. *Id.* The common form makes the same point:

> I. OTHER INSURANCE - BUSINESS LIABILITY. If other valid and collectible insurance is available to the insured for a loss we cover under Business Liability Coverage Form, our obligations are limited as follows: . . . This insurance is excess over any of the other insurance . . . If the loss arises out of the maintenance or use of aircraft, 'autos' or watercraft . . . . ("other insurance provision").

*Id.* at 17 (capitalization in original). In other words, to the extent the business form covers losses arising from the maintenance or use of autos, the coverage is excess only.

The liquor form is titled "LIQUOR LIABILITY INSURANCE" and modifies the coverage provided by the business form. It states:

> This coverage is subject to the provisions of the Business Liability Coverage Form of this policy except as provided below.
>
> A. COVERAGE. This Section is replaced by the following: 1. Liquor Liability. We will pay those sums that the insured becomes legally obligated to pay as damages because of 'injury' . . . by reason of the selling, serving or furnishing of any alcoholic beverage.

Dkt. #34-4 at 9 (capitalization in original). In other words, the liquor form modifies the coverage provided by the business form and expressly covers losses arising from the selling, serving, or furnishing alcohol. *Id.* The liquor form expressly alters most of the provisions from the business form, and completely replaces Sections A, B, C, D, E, and F with entirely new language. Unlike the replaced language in the business form, the new language does not exclude losses arising from the maintenance or use of autos and does not make the coverage excess for such losses.

- 4 -

No language in the liquor form renders Hartford's insurance excess for liquor-related liability. Hartford argues, however, that the "other insurance provision" from the common form – which renders excess any coverage in the business form for losses arising out of the maintenance or use of an auto – applies to the liquor form and renders Hartford's insurance excess in this case. Dkt. #36 at 5. The Court does not agree.

The "other insurance provision" from the common form does not apply to the liquor form. In fact, it explicitly states that it applies only to the business form. Dkt. #34-3 at 17. Hartford argues that because the liquor form amends the business form, it actually is part of the business form and therefore subject to the "other insurance provision." Dkt. #41 at 4. This argument is unpersuasive. The liquor form provides "LIQUOR LIABILITY INSURANCE." Dkt. #34-4 at 9 (capitalization in original). It affirmatively states that Hartford "will pay those sums that the insured becomes legally obligated to pay as damages because of 'injury' . . . imposed on the insured by reason of selling, serving or furnishing any alcoholic beverage[.]" *Id*. The liquor form thus provides coverage for the precise loss in this case, and it contains no language suggesting that the coverage is excess. To conclude that this clear and affirmative coverage is withdrawn by incorporating the liquor provision into the business form and then applying the "other insurance provision" to limit the coverage of the business form would be to rely on a three-form string of incorporations and limitations to override the clear language and meaning of the liquor provision. The Court will not adopt such a strained interpretation of the policy. "Where the provisions of the contract are plain and unambiguous upon their face, they must be applied as written, and the court will not pervert or do violence to the plain and ordinary meaning . . . ." *Andersen*, 433 P.2d at 965.

Moreover, the liquor form states that it "is subject to the provisions of the Business Liability Coverage Form of this policy *except as provided below*." Dkt. #34-4 at 9 (emphasis added). Thus, for the provisions that follow this statement, the liquor form is *not* subject to the business form. Those provisions include the clear coverage for losses arising out of the sale of alcohol. The Court therefore cannot conclude that the liquor form's coverage for liquor-sale-related losses is subject to the business form and, in turn, subject to the "other

- 5 -

1 insurance provision" of the common form.

Because the provisions of the policy do not render Hartford's coverage excess, the Court agrees with Associated, and finds that its policy is excess to Hartford's.[5]

### B. Associated is entitled to reimbursement from Hartford.

Because Associated's coverage is excess to Hartford's coverage, Associated contends that it is entitled to recover the amount of its settlement payments and costs to defend the *Serrano* suit if they were reasonable. *United Servs. Auto. Assoc. v. Morris*, 741 P.2d 246, 253-54 (Ariz. 1987); *Am. Family Mut. Ins. Co. v. Cont'l Cas. Co.*, 23 P.3d 664 (Ariz. App. 2001) (holding that an excess insurer should be the last to pay after all primary policies). Hartford does not dispute this argument. Moreover, Hartford has already admitted that the amounts paid to settle the *Serrano* suit were reasonable. Dkt. #34-5 at 2; Fed. R. Civ. P. 36(b). Because there are no disputes of material fact, the Court will grant summary judgment on this issue.

### C. Associated is entitled to recover prejudgment interest.

Associated argues that it is entitled to recover prejudgment interest on its settlement payments. "[P]rejudgment interest on a liquidated claim is a matter of right." *AHMS Ins. Co. v. Mut. Ins. Co. of Ariz.*, 258 F.3d 1090, 1103 (9th Cir. 1991) (internal quotations omitted). Under Arizona law, this interest accrues at the rate of ten per cent per annum. A.R.S. § 44-1201(A). A claim is liquidated when the creditor provides a basis for calculating the amounts owed with precision. *Scottsdale Ins. Co. v. Cendejas*, 205 P.3d 1128, 1135 (Ariz. App. 2009).

The parties agree that each paid half the settlement, and they agree on the dates they paid those amounts. Dkt. #34, ¶ 21; #37, ¶ 21. Hartford knew the basis for calculating the amount owed to Associated from the date Associated made each settlement payment. Hartford does not dispute that the settlement payments are liquidated, nor does it dispute that

---

[5] Both parties spend significant time discussing whether the accident was auto-related. The Court need not resolve this issue because the other insurance provision does not apply to the liquor form.

- 6 -

it must pay interest on the liquidated claims. The Court will find that Associated is entitled to recover prejudgment interest on its settlement payments at the statutorily prescribed rate from the date the settlements were paid.

**IV.    Hartford Motion.**

Because the Court has found that the Associated policy is excess to the Hartford policy, the Court clearly cannot grant summary judgment to Hartford.

**IT IS ORDERED:**

1. Associated's motion for summary judgment (Dkt. #33) is **granted**.
2. Hartford's cross-motion for summary judgment (Dkt. #36) is **denied**.
3. The parties shall file a joint status report on or before **December 4, 2009** regarding the need for further proceedings in this matter.

DATED this 4th day of November, 2009.

David G. Campbell
United States District Judge